UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| WICKER'S FOOD PRODUCTS, INC., | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-0033-O |
| | § | |
| WICKER's TX LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Joint Motion for Entry of Consent Judgment and Permanent Injunction (ECF No. 32), filed November 3, 2023 ("Joint Motion"), signed by counsel for Wicker's Food Products, Inc. ("Plaintiff") and Wicker's TX LLC ("Defendant"). Having considered the Joint Motion, the Court is of the opinion that it should be and hereby is, in all things, **GRANTED**.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Parties have agreed to terms and conditions representing a negotiated settlement of the above-captioned matter and have set forth those terms and conditions in a Settlement Agreement ("Settlement Agreement"). Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

2. The Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

4. Defendant's unauthorized use in commerce of the mark WICKER'S TX is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's

goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

5. Defendant's unauthorized use in commerce of the mark WICKER'S TX as alleged in Plaintiff's Complaint constitutes use of a false designation of origin and misleading description and representation of fact.

6. Plaintiff is entitled to injunctive relief under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

7. Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

8. Upon consent of the Parties hereto, **JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff Wicker's Food Products, Inc. as follows:

    a. Defendant Wicker's TX LLC, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert or participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, shall be **PERMANENTLY ENJOINED** from:

        i. manufacturing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, provide, sell, market, advertise or promote any goods or services bearing the mark WICKER'S or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's WICKER'S mark;

ii. engaging in any activity that infringes Plaintiff's rights in its WICKER'S mark, including the posting or leaving up of social media containing the mark WICKER'S TX;

iii. engaging in any activity constituting unfair competition with Plaintiff;

iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

v. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

vi. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark WICKER'S or any other mark that infringes or is likely to be confused with Plaintiff's WICKER'S mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

vii. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi).

b. This Permanent Injunction, generally, and paragraph 8(a)(vi), specifically, does not include the use by Defendant of the Big Wick's mark below:



c. Defendant shall immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark WICKER'S or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's WICKER'S mark.

9. The Court retains jurisdiction over this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.
10. All claims Plaintiff asserted, or could have asserted, against Defendant in this lawsuit are hereby **DISMISSED with prejudice** except as provided below.
11. All costs, expenses, and attorney fees are taxed against the party incurring same.

This Consent Judgment and Permanent Injunction constitutes a Final Judgment that disposes of all parties and claims in the above-captioned matter.

**SO ORDERED** on this **8th day** of **November, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**